**In re TENNECO SECURITIES LITIGATION.**

**Civ. A. No. 76–H–354 (MDL No. 253).**

United States District Court,
S. D. Texas,
Houston Division.

April 28, 1978.

See also, Jud.Pan.Mult.Lit., 426 F.Supp. 1187.

Sidney Ravkind, Mandell & Wright, Houston, Tex., for plaintiffs.

Richard B. Miller, Houston, Tex., for defendants, W. E. Scott, E. L. Capps, Simon Askin, B. F. Biaggini, Henry U. Harris, Jr., Thomas Hancock, Newton K. Hoverstock, B. John Mackin, S. F. Allison, G. H. Meason, William M. Carpenter, E. W. Hopkins, Kenneth W. Reese, M. H. Covey, John P. Diesel, and Allen T. McInnes and Richard A. Brooks; Baker & Boots, Houston, Tex., of counsel.

Preston Shirley, Galveston, Tex., for defendants, Tenneco Inc., Midwestern Gas Transmission Co., Tenneco Oil Co., Newport News Shipbuilding & Dry Dock Co., Tenneco West, Inc., Heggeblade-Marguleas-Tenneco, Inc., and Stockdale Development Corp.; Mills, Shirley, McMicken & Eckel, Galveston, Tex., of counsel.

Joe H. Reynolds, Houston, Tex., for defendant N. W. Freeman; Reynolds, Allen & Cook, Houston, Tex., of counsel.

John L. McConn, Jr., Houston, Tex., for defendant Herbert Allen; Butler, Binion, Rice, Cook & Knapp, Houston, Tex., of counsel.

John C. Snodgrass, Houston, Tex., for defendants J. L. Ketelsen and Sydney T. Ellis; Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., of counsel.

David R. Hyde, New York City, for defendants, N. W. Freeman, Wilton E. Scott, Simon Askin, Henry U. Harris, Jr., B. F. Biaggini, Thomas Hancock, B. John Mackin, and Newton K. Hoverstock; Cahill, Gordon & Reindel, New York City, of counsel.

Edward E. Rigney, New York City, for defendant Tenneco, Inc.; Alexander & Green, New York City, of counsel.

Edward J. Ross, Breed, Abbott & Morgan, New York City, for defendant Arthur Andersen & Co.

Donald J. Mulvihill, Washington, D.C., for defendants Simon Askin, N. W. Freeman, Newton K. Hoverstock, B. John Mackin, W. E. Scott, B. F. Biaggini, Thomas Hancock, Henry U. Harris, S. F. Allison, G. H. Meason, William M. Carpenter, Edward J. Harrison, E. W. Hopkins, Christopher Wilson, H. Malcolm Lovett, and W. D. P. Carey (Deceased), Irvin M. Shlenker (Deceased), Gardiner Simonds (Deceased) and Earl Rudder (Deceased); Cahill, Gordon & Reindel, Washington, D.C., of counsel.

Robert K. Payson, Wilmington, Del., for defendants Tenneco, Inc., Midwestern Gas Transmission Co., Tenneco Oil Co., Newport News Shipbuilding & Dry Dock Co., Tenneco West, Inc., Heggblade-Marguleas-Tenneco, Inc., and Stockdale Development Corp.; Potter, Anderson & Corroon, Wilmington, Del., of counsel.

Richard J. Abrams, Wilmington, Del., for defendants N. W. Freeman, S. Askin, B. F. Biaggini, T. Hancock, H. U. Harris, Jr., N. K. Hoverstock, B. J. Mackin, and W. E. Scott; Richards, Layton & Finger, Wilmington, Del., of counsel.

Michael L. Denger, Washington, D.C., for defendant, Tenneco, Inc.; Sutherland, Asbill & Brennan, Washington, D.C., of counsel.

Kass, Goodkind, Wechsler & Gerstein, New York City, Morris & Rosenthal, Wilmington, Del., for plaintiffs Ralph Limmer and Herbert Sadowsky as Trustees of the United Welfare Fund.

Abraham I. Markowitz, New York City, for plaintiff, Harry Lewis.

Ben H. Schleider, Dillingham, Schleider & Masquelette, Schleider & Ewing, Houston, Tex., Dean Carlton, Dallas, Tex., for plaintiff Lowell G. Raun.

Leonard, Cohen & Gettings, Washington, D.C., and Arlington, Va., Schramm, Raddue & Seed, Washington, D.C., and Santa Barbara, Cal., for plaintiff Alice Tweed Tuohy Foundation.

Gary J. Near, San Francisco, Cal., Ron D. Daugherty, Houston, Tex., for plaintiff Thomas J. Anderson.

Gene Mesh, Cincinnati, Ohio, for plaintiff Madeline Mildred Milberg.

Henry M. Rosenblum, Houston, Tex., for plaintiffs Mildred Milberg and Thomas J. Anderson.

Lloyd R. Cunningham, Jr., Houston, Tex., for N. W. Freeman, John M. Robertson, and George Perrine.

Harvey B. Cohen, Daniel A. Reicker, Washington, D.C., for Alice Tweed Tuohy Foundation, plaintiff.

Jerry G. Hill, Hill & Ghiselli, Houston, Tex., for C. W. Rackley.

Memorandum and Order

SINGLETON, District Judge.

This lawsuit is brought individually and derivatively on behalf of Tenneco, Inc. by plaintiff shareholders against the defendants Tenneco, Inc., its officers, directors, and subsidiaries pursuant to Sections 14(a) and 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and § 78j(b).

Plaintiffs allege that between 1970 and 1975 the defendant officers and directors used corporate funds for the payment of foreign and domestic bribes and political contributions. They further allege that proxy solicitations for the election of directors omitted to state that these directors made such payments. In addition plaintiffs assert that Tenneco's books and records were falsely maintained to conceal these payments and that Tenneco's filings with the Securities and Exchange Commission also failed to reveal that the alleged payments were made.

Various defendants have moved to dismiss the suit for failure to state a claim under federal securities laws and to dismiss the pendant state claims for waste of corporate funds and breach of fiduciary duty under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1968). A hearing on the motion was held before the court on February 1, 1978. At that hearing plaintiffs conceded that their complaint fails to state a claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.106–5, since there is no allegation of any purchase or sale of securities.

Accordingly, the court finds that plaintiffs' 10(b) claim should be dismissed.

Prior to the February 1st hearing, plaintiffs' claimed the right to damages and injunctive relief under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and Rule 14a–9, 17 C.F.R. § 240.-14a–9. At the hearing, counsel for plaintiffs stated that plaintiffs no longer sought damages under Section 14(a) but only injunctive relief voiding prior elections and prohibiting defendants from violating the securities laws. Plaintiffs continue to seek damages in excess of $12,000,000 (twelve million dollars) under pendant state claims of waste of corporate funds and breach of fiduciary duty.

In view of these modifications as stated above, the question before this court is whether or not plaintiffs state a claim for injunctive relief under Section 14(a), and, if so, whether the court finds it proper to exercise pendant jurisdiction over state claims for damages.

Plaintiffs' Second Consolidated Complaint, filed August 23, 1977, does not state a claim under the federal securities laws for which the requested relief could be granted. The essence of plaintiffs' complaint is clearly stated in paragraph 1:

> This is a shareholder's derivative brought by plaintiffs as shareholders of Tenneco, Inc. on behalf of and for the benefit of Tenneco, Inc. to recover corporate funds that have been spent improperly or illegally for domestic political contributions and for bribes, payoffs and kickbacks to domestic and foreign political and public officials, and for other unethical, illegal, and improper business practices.

The only federal claim remaining in this case is that pursuant to Section 14(a) of the Securities and Exchange Act of 1934. Section 14(a) provides:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Com-

mission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 781 of this title.

Section 14(a) was designed "to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation." *J. I. Case Co. v. Borak,* 377 U.S. 426, 431, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423 (1964).

In order to state a claim under Section 14(a) the plaintiffs must allege, inter alia, that their proxies were solicited for the purpose of authorizing some corporate transaction and that the proxy solicitation seeking that authorization was materially false or misleading either by statement or omission. In other words, as a result of a violation of their right of corporate suffrage, the plaintiffs suffered some harm.

The harm to the plaintiffs must have resulted from the corporate transaction they authorized as a result of the false or misleading proxy solicitation. This "transaction causation" is an essential element of a 14(a) action. *Lewis v. Elam,* C.C.H.Fed. Sec.L.Rep. ¶ 96,013 (S.D.N.Y. April 5, 1977). See also, *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 381 (2nd Cir. 1974).

In the instant case, the only "corporate transaction" authorized by the shareholders was the election of directors. The 14(a) violation alleged by the plaintiffs is the failure of the director-candidates to include in their proxy solicitation that they had made the allegedly illegal payments. Assuming, arguendo, that such payments were made and further assuming that this would be a material omission from the solicitation of an election proxy, the materiality goes only to the election and not to the making of the payments themselves.

In order to recover damages under 14(a) the proxy violation must have caused the economic harm alleged. The economic loss alleged here is the amount of corporate funds allegedly expended for the payments. Such a "loss", if it did occur, results from a "breach of a fiduciary obligation owed as a director or officer, rather than from any shareholder vote obtained by false proxy solicitation materials." *Walner v. Friedman,* 410 F.Supp. 29, 32 (S.D.N.Y.1975). Such acts of corporate waste and breach of fiduciary duty form the bases of state claims and do not state a claim under the federal securities laws. *Limmer, et al. v. General Telephone & Electronics Corp. et al.,* C.C.H.Fed.Sec.L.Rep. ¶ 96,013 (S.D.N.Y. April 5, 1977).

In Paragraph 3 of plaintiffs' Second Consolidated Complaint these shareholders state that

in reliance upon the material false and misleading misrepresentations of Tenneco's proxy material, [they] have been deprived of the opportunity to exercise their franchise in order to elect directors who would put an end to these improper and illegal business practices and who would direct Tenneco to conduct its business in a legal and proper manner. . .

Plaintiffs' Second Consolidated Complaint, p. 2. At the February 1st hearing on defendants' motions to dismiss, plaintiffs represented to the court that they were no longer seeking damages under Section 14(a), but were only seeking injunctive relief. While acknowledging that their damage claim lies under state law for breach of fiduciary duty and waste of corporate funds, plaintiffs would have this court grant injunctive relief under 14(a) while retaining the state law claims for damages under pendant jurisdiction.

The relief sought under Section 14(a) is an injunction voiding elections held between 1970 and 1975 and prohibiting defendants from future violations of the securities laws, namely from soliciting proxies by means of false and misleading statements and/or omissions. Since 1975 elections of directors have been held pursuant to proxy solicitations which have informed the stockholders of the pendency of litiga-

tion in state and federal courts arising out of the same alleged transactions. Directors who were elected during the period 1970 to 1975 pursuant to the allegedly misleading proxy solicitations have since been re-elected pursuant to proxy solicitations which disclose the allegations forming the basis of this lawsuit.

This court is not aware of the existence of any case brought pursuant to Section 14(a) in which prior elections of directors have been voided under similar or even analogous circumstances. It is clear to the court that such relief would only raise a myriad of problems such that the potential harm to the corporation and stockholders would be more damaging than that alleged as the basis for the federal claim in this lawsuit.

The true nature of this action is a claim for monetary relief under state law for breach of fiduciary duty and waste of corporate funds. Full relief is available to plaintiffs under state law and litigation is currently pending before three state courts involving these same claims against most of the same defendants for the same alleged transactions: C.A. No. 5011, Court of Chancery of the State of Delaware, filed February 23, 1976; C.A. No. 1068004, District Court of Harris County, 127th Judicial District, filed March 23, 1976; and, C.A. No. 1068012, District Court of Harris County, 125th Judicial District, filed March 23, 1976.

Any injunctive relief which could properly be granted the plaintiffs under 14(a) has already been accomplished by disclosure to stockholders in subsequent proxy solicitations and the resulting re-election, subsequent to 1975, of some of the same directors who allegedly made illegal payments.

Having found that any relief available to plaintiffs for the alleged infringement of corporate suffrage would be limited to injunctive relief, and having found that such injunctive relief as requested would be neither appropriate nor necessary in view of the circumstances of this case, this court finds that plaintiffs' action under Section 14(a) of the Securities Exchange Act of 1934 should be dismissed for failure to state a claim for which relief can be granted.

 The above disposition removes the sole basis for plaintiffs' remaining state claims for breach of fiduciary duty and corporate waste. Therefore, this court is obliged to dismiss plaintiffs' state claims under *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED, that plaintiffs' claims under Sections 14(a) and 10(b) of the Securities Exchange Act of 1934 be, and the same are, DISMISSED for failure to state a claim upon which relief can be granted. It is further ORDERED, ADJUDGED, and DECREED that plaintiffs' state claims for breach of fiduciary duty and corporate waste be, and the same hereby are, DISMISSED for lack of subject matter jurisdiction.